RECEIVED
IN ALEXANDRIA, LA.
APR - 5 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RODERICK D. LOWE<br>    LA. DOC # 377000<br>VS. | CIVIL ACTION NO. 1:08-cv-1518<br><br>JUDGE DRELL |
| POLICE DEPARTMENT OF ALEXANDRIA,<br>ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

This civil action was referred to the undersigned for review on March 23, 2010. For the reasons that follow, it is recommended that the action be **REMANDED** to Louisiana's Ninth Judicial District Court, Rapides Parish, in accordance with the provisions of 28 U.S.C. §1447(c).

### *Statement of the Case*

On June 19, 2008, plaintiff Roderick D. Lowe, filed a *pro se* Petition for Damages in the Ninth Judicial District Court, Rapides Parish, Louisiana. Plaintiff, a resident of Rapides Parish, sued the City of Alexandria, its Police Department, and Officer Keith J. Moulliere. Plaintiff alleged that he "... suffered damages as a result of the use of excessive force during an arrest..." More specifically, he alleged that on June 27, 2007, he was stopped for a traffic violation; that plaintiff attempted to flee the scene on foot; and, that Officer Moulliere

pursued and then ran into plaintiff with his police cruiser causing bodily injury to the plaintiff. [Doc. 1-3, pp. 1-4]

On August 21, 2008, Ms. Tiffany N. Sanders enroled as plaintiff's counsel of record. [Doc. 4-1, pp. 5-6] On September 18, 2008 she requested service of process on Defendants; in due course, all were served. [Doc. 4-1, pp. 12-16]

On October 13, 2008, the City of Alexandria and the Alexandria Police Department filed a Notice of Removal "... pursuant to Civil Rights Act of 1861, 1870 and 1872, 42 U.S.C. §§ 1983, 1985 and 1988, the 4th, 5th and 14th Amendments to the United States Constitution which allow for removal when jurisdiction for a civil action is founded on a claim or right arising under the Constitution, treatises [sic] or laws of the United States." [Doc. 1, ¶4] Based upon those allegations, the Court issued its Removal Order on October 14, 2008. [Doc. 2] On October 31, 2008 the Defendants filed a Response to Removal Order and provided copies of the various pleadings and documents filed in the State Court record. [Doc. 4]

On November 14, 2008 the defendants answered; they denied all allegations of fault and liability and raised the following affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) assumption of the risk;

2

(3) contributory and comparative negligence; (4) denial of negligence or fault; (5) plaintiff's failure to mitigate damages; and, (6) citing La. R.S. 9:2798.1, 9:2800 et seq., 9:2792.4 and 13:5106, 13:5112, La. C.C.P. art. 1005 and R.S.13:5105, defendants claimed entitlement to - limitation of liability, limitation on damages, limitation on legal interests and costs, all applicable affirmative defense under Louisiana law, and the prohibition of trial by jury under Louisiana law. [Doc. 5]

On June 17, 2009, plaintiff's attorney filed a motion to withdraw as counsel. [Doc. 12] That motion was granted on July 21, 2009. [Doc. 13]

On January 19, 2010, the undersigned convened a telephone conference with the plaintiff and counsel for the defendants. Plaintiff was ordered to either retain and enrol new counsel or otherwise inform the court of his intention to proceed *pro se* by February 19, 2010. [Doc. 18] On February 22, 2010, the undersigned ordered dismissal of the case because plaintiff failed comply with the previous order. [Doc. 19]

On March 1, 2010 plaintiff filed a *pro se* Motion for Appointment of Counsel. [Doc. 20] On March 10, 2010, plaintiff appealed the order dismissing his case. [Docs. 21 and 22] On

3

March 23, 2010 the Court reversed the order of dismissal [Doc. 19] and reinstated the suit. The Court denied plaintiff's motion to appoint counsel and referred the matter to the undersigned for review in accordance with 28 U.S.C. §1915(e). [Doc. 28]

### Law and Analysis

Title 28 U.S.C. §1447(c) provides in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Defendants removed this action "... pursuant to Civil Rights Act of 1861, 1870 and 1872, 42 U.S.C. §§ 1983, 1985 and 1988, the 4th, 5th and 14th Amendments to the United States Constitution which allow for removal when jurisdiction for a civil action is founded on a claim or right arising under the Constitution, treatises [sic] or laws of the United States." [Doc. 1, ¶4] However, a careful review of the original Petition for Damages reveals no explicit invocation of federal law, and, as is shown below there is no implied reference to federal law.

Plaintiff does not allege that his arrest was unlawful or otherwise in violation of the Fourth Amendment. Instead, he alleged that he "... suffered damages as a result of the use of excessive force during an arrest..." [Doc. 1-3, ¶3]; that the defendants "... use of excessive force during an arrest..."

4

constituted fault [*Id.*, ¶6]; that the defendant officer "... ran into Roderick with the Police Cruiser (i.e. while in flight and unarmed run over by police car)..." [*Id.*, ¶7]; and, that "... [a]s a result of the use of excessive force due solely to the fault and/or strict liability of ... the defendants, petitioner suffered..." various serious injuries [*Id.*, ¶8]

A defendant who removes an action to federal court has the burden of establishing federal subject matter jurisdiction. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir.1998).

An action arises under the laws of the United States and thus satisfies federal question jurisdiction if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983)(emphasis supplied). The Court should look to the face of the complaint to determine federal question jurisdiction. A plaintiff may avoid federal jurisdiction by relying exclusively upon state law. Caterpillar Inc. v.

Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). However if it appears that his failure to plead federal claims was not in good faith but rather was an attempt to conceal the fact that his claims are truly federal, the court will nevertheless recognize the federal question aspect of the pleadings. See Aaron v. National Union Fire Ins. Co., 876 F.2d 1157, 1161 (5th Cir.1989). In other words, in examining the pleading in context, the Court may find that certain claims present federal questions even though the plaintiff has not characterized them as such. See Aquafaith Shipping, Ltd. v. Jarillas, 963 F.2d 806, 808 (5th Cir.1992).

In Hall v. City of Alexandria, 111 F.Supp.2d 785 (W.D.La. 2000), Judge Little was confronted with a situation similar to the case at bar. Plaintiff sued the City of Alexandria and two of its police officers in the Ninth Judicial District Court alleging both false arrest and excessive force. The Defendants removed the case to this Court and plaintiff moved for a remand. Judge Little denied plaintiff's motion to remand finding,

> Although Hall does not allege in explicit terms a deprivation of rights under the Constitution or federal law, a fair reading of his complaint demonstrates that such is the true basis of his causes of action. In essence, Hall claims that on 30 January 2000, Fuller and Sellers, two Alexandria police officers acting under color of state law, used

6

> excessive force against him and falsely arrested him. Both such acts are violations of the Fourth Amendment and § 1983. <u>Hall claims that he was injured as a result of the officers' wrongful conduct, and he seeks various kinds of damages, including punitive damages and attorney fees. Importantly, Louisiana law does not provide recovery for punitive damages or attorney fees under the facts as alleged in this case; the only sources of recovery for such are 42 U.S.C. §§ 1983 and 1988, respectively</u> ...
>
> This court sees through Hall's artfully crafted complaint which omits the pleading of necessary federal claims. <u>We conclude that Hall's failure to plead his federal claims was purposeful and was an attempt to conceal the fact that his claims are truly federal in nature. His prayer for punitive damages and attorney fees is telling</u> and lends strong support to our conclusion.

<u>Hall v. City of Alexandria</u>, at 787-88 (emphasis supplied)

The instant case is clearly distinguishable. First, plaintiff initiated this suit by filing a *pro se* Petition in State Court. It seems unlikely that his failure to explicitly plead federal claims was done to avoid removal. Second, he made no claim for relief that is not provided by Louisiana law – unlike the plaintiff in <u>Hall</u>, *supra*, he requested neither punitive damages nor attorney's fees. Finally, he alleged that the City and its Police Department are liable under a theory of *respondeat superior* [Doc. 1-3, ¶4], a theory of liability which is unavailable under §1983. <u>Pierce v. Texas Dept. of Crim. Justice, Inst. Div.</u>, 37 F.3d 1146, 1150 (5th Cir.1994), *cert.*

*denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir.1987); Estate of Davis v. City of N. Richland Hills, 406 F.3d 375, 381 (5th Cir.2005).

Louisiana law recognizes the tort of "excessive force" and the Fifth Circuit recognizes that such claims may be alleged as arising under both §1983 and Louisiana law. In Deville v. Marcantel, 567 F.3d 156, 172-73 (5th Cir. 2009) the Fifth Circuit observed,

> Louisiana's excessive force tort mirrors its federal constitutional counterpart. 'The use of force when necessary to make an arrest is a legitimate police function. But if the officers use unreasonable or excessive force, they and their employer are liable for any injuries which result.' Kyle v. City of New Orleans, 353 So.2d 969 at 972 (La. 1977). 'Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case,' and factors to consider are: (1) the known character of the arrestee, (2) the risks and dangers faced by the officers,(3) the nature of the offense involved, (4) the chance of the arrestee's escape if the particular means are not employed, (5) the existence of alternative methods of arrest, (6) the physical size, strength, and weaponry of the officers compared to the arrestee, and (7) the exigencies of the moment. *Id.* at 973. These considerations are sufficiently similar to the [Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)] factors that our decision on this claim mirrors our decision of plaintiffs'
> § 1983 excessive force claim, and we thus reverse the district court's grant of summary judgment to defendants on the state-law excessive force/battery

claim. See <u>Penn v. St. Tammany Parish Sheriff's Office</u>, 843 So.2d 1157, 1159-60 (La.Ct.App.2003)."
(Emphasis supplied)

Finally, by proceeding in State court under Louisiana law, plaintiff has the opportunity of prevailing even if he can only establish negligence.[1] However, that theory of recovery would not be available pursuant to §1983. <u>Daniels v. Williams</u>, 474 U.S. 327, 329-30, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

In short, plaintiff has neither expressed nor implied that his cause of action arises under the Constitution or laws of the United States. To the contrary, his Petition for Damages raises claims arising under Louisiana law. Since the citizenship of the parties is not diverse, and since no federal question has been alleged, this Court lacks subject matter jurisdiction over plaintiff's claims and remand to the Ninth Judicial District Court in accordance with the provisions of 28 U.S.C. §1447(c) is appropriate.

---

[1] See <u>LaBauve v. State of Louisiana</u>, 618 So.2d 1187 (La. App. 3 Cir. 1993), citing <u>Kyle v. City of New Orleans</u>, supra ("There is nothing in <u>Kyle</u>, supra, that leads us to believe that the Louisiana Supreme Court dictated that there be a specific tort of 'clearly excessive use of force' during an arrest. On the contrary, the language in <u>Kyle</u>, supra, demonstrates that the officers' conduct was measured by standard negligent tort theories. Mr. LaBauve's petition states that the suit is filed under the provisions of the Louisiana Civil Code. La.Civ.C. art. 2315 is the general negligence article. We find the trial court correctly found a cause of action for negligence under La.Civ.C. art. 2315 given Trooper Pellerin's use of excessive force while arresting Mr. LaBauve. Thus, the trial court did not commit an error of law.")

**ACCORDINGLY**,

**IT IS RECOMMENDED** that this civil action be **REMANDED** to the Ninth Judicial District Court, Rapides Parish, Louisiana pursuant to the provisions of 28 U.S.C. §1447(c).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, April 5, 2010.

JAMES D. KIRK
United States Magistrate Judge